

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-75,007-03

### EX PARTE MIGUEL ALVAREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 24670-86 IN THE 86TH DISTRICT COURT
### FROM KAUFMAN COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with the intent to deliver a controlled substance and sentenced to ten years' imprisonment. The Fifth Court of Appeals dismissed his appeal. *Alvarez v. State*, No. 05-10-01152-CR (Tex. App.—Dallas Sept. 29, 2010) (not designated for publication).

In his first ground, Applicant contends that his no contest plea was involuntary because

although he agreed to plead no contest to engaging in organized criminal activity, the prosecutor and trial counsel changed the offense to possession with the intent to deliver a controlled substance.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim and state whether he believed Applicant's no contest plea was knowing and intelligent. The trial court shall also order the District Clerk to forward a copy of the plea hearing transcript, if available. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's no contest plea was intelligent and knowing. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of his claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.

Filed: December 16, 2015
Do not publish